UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMERSET STUDIOS, LLC; GAIL A. STOFFER, | No. C 10-5527 MEJ |
| Plaintiffs, | **ORDER AFTER HEARING RE: MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SCHOOL SPECIALTY, INC.; DOES 1-10, | |
| Defendants. | |

In reviewing the papers submitted by the parties in connection with Defendant's Motion for Summary Judgment (Dkt. No. 27), and considering the arguments made by counsel at the hearing on December 15, 2011, the Court finds that Defendant's Motion with respect to Plaintiffs' third claim for breach of contract requires further briefing. Accordingly, each party may file a supplemental brief no longer than five pages. Defendant's supplemental brief, if any, shall be filed by **January 4, 2012.** Plaintiff's supplemental response, if any, shall be filed by **January 11, 2012. Both parties** may use the questions below as a guide for framing their briefs to the Court. The parties, however, are not restricted to addressing only these issues.

1. Is Defendant seeking summary judgment or partial summary judgment on Plaintiffs' breach of contract claim? Defendant appears to at first seek dismissal of contracts that were executed before November 2, 2008 due to the two-year statute of limitations. But in later parts of its Motion and Reply, Defendant appears to seek summary judgment on Plaintiffs' entire Complaint. *See* Motion at 18:13; Reply at 14:24-25, 15:20-21. If the Court only grants partial summary judgment, what issues would remain as part of this claim? What issues would remain if the Court grants partial summary judgment but finds that a four-year statute of limitations applies?

2. Is Plaintiffs' breach of contract claim based on an oral contract, written contract, or both?

Specifically, what contracts do Plaintiffs allege were breached and what are their damages? Where are these allegations located in Plaintiffs' Complaint?

3. The Court notes that there is a substantive body of contract law on promises implied in writings. *See* 3 Witkin, Cal. Proc. 5th (2008) Actions, § 510, p. 653. How does this law, in connection with Defendant's purchase orders, affect whether the applicable statute of limitations for Plaintiffs' breach of contract claim is two or four years?

4. Defendant's Reply does not address Plaintiffs' argument that thE breach of contract claim does not accrue until Defendant formally refused to pay Plaintiffs' the true contractual amount. What were the terms for payment under the purchase orders or any other agreements between the two parties? Is this in the record?

**IT IS SO ORDERED.**

Dated: December 20, 2011

_____

Maria-Elena James

Chief United States Magistrate Judge

2